IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEVIN B. HALL, #140168,               )
                                      )
        Petitioner,                   )
                                      )
v.                                    )        CIVIL ACTION NO. 1:03-CV-717-A
                                      )                        WO
STEVEN BULLARD, *et al.*,             )
                                      )
        Respondents.                  )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Kevin B. Hall ["Hall"], a state inmate, on May 15, 2003.  In this petition, Hall challenges a conviction for first degree robbery entered against him by the Circuit Court of Houston County, Alabama on March 23, 1999.  By operation of law, this conviction became final in December of 1999.

Pursuant to the orders of this court, the respondents filed an answer and supplement in which they argue that the instant federal habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]   The respondents contend that because the challenged robbery conviction

---

[1] Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation.  This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 [the "AEDPA"] which became effective on April 24, 1996.

became final after the effective date of the statute of limitations Hall must have filed his §

2254 petition within a year of this conviction becoming final, exclusive of the time that any

properly filed state post-conviction petition was pending before the state courts. The

respondents acknowledge that Hall filed a state post-conviction petition pursuant to Rule

32 of the Alabama Rules of Criminal Procedure on December 27, 2001.[2]  Nevertheless, this

petition did not toll the one-year federal period of imitation as Hall filed such petition after

expiration of the limitation period and it is therefore not considered pending for tolling

purposes under the provisions of 28 U.S.C. § 2244(d)(2). *Tinker v. Moore*, 255 F.3d 1331,

1333-1335 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531

U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).  The respondents therefore argue that the

present federal petition for habeas corpus relief is time-barred.

        In light of the argument set forth by the respondents, the court entered an order

---

[2]The Rule 32 petition and attached forms demonstrate that Hall submitted such documents for mailing to the trial court on December 27, 2001. *See Respondents' Exhibit D* at 13-15.  In his brief on appeal of the denial of the Rule 32 petition, the petitioner concedes that his petition "was mailed on December 27, 2001 . . ." *Respondents' Exhibit E* at 3-4.  A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The state appellate court therefore treated December 27, 2001 as the date of filing for petitioner's Rule 32 petition. *See Respondents' Exhibit G*.  In light of the foregoing, this court likewise construes December 27, 2001 as the date of filing for such petition.  The trial court summarily dismissed the Rule 32 petition, *see Respondents' Exhibit D* at 1, and the Alabama Court of Criminal Appeals held that the petition "is procedurally barred by the two year time limitation expressed in Rule 32.2(c) . . ." *Respondents' Exhibit J* at 7 - *June 21, 2002 Memorandum Opinion of the Alabama Court of Criminal Appeals* at 2.  Hall filed a petition for writ of certiorari challenging this decision which the Alabama Supreme Court denied on December 13, 2002. *Respondents' Exhibit K*.

advising Hall that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).  *See Order of September 8, 2003 - Court Doc. No. 12.*  This order also allowed Hall an opportunity to show cause why his federal petition should not be barred from review by this court.  *Id.* at 5.  In his responses to the aforementioned order, Hall asserts that he is entitled to an equitable tolling of the limitation period until the date on which he received a copy of his trial transcript -- sometime in March of 2002 during the pendency of his Rule 32 petition.  *Petitioner's November 19, 2003 Response - Court Doc. No. 15* at 7-8; *Petitioner's February 6, 2004 Response - Court Doc. No. 21* at 3.  Hall further argues that, in accordance with 28 U.S.C. § 2244(d)(1)(D), the limitation period should not begin to run until receipt of the transcript as he could not have discovered the factual predicate of his claims without such document.  *Petitioner's February 6, 2004 Response* at 2.  The respondents argue, however, that Hall is not entitled to calculation of the limitation period under 28 U.S.C. § 2244(d)(1)(D) nor equitable tolling of the limitation period as he has failed to establish either extraordinary circumstances which made it impossible for him to file his federal petition in a timely manner or that he acted with due diligence.  *Respondents' December 12, 2003 Supplemental Answer - Court Doc. 17* at 2.  Specifically, the respondents maintain that "[n]othing kept Hall from contacting the court clerk directly to learn the status of his case

and to obtain a copy of his transcript prior to letting the limitation period run in state and federal courts. . . .  Hall could have timely filed his . . . federal pleadings without the record and amended them [at a later time] when he obtained the record." *Id*. at 2-3.

Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the limitation period began to run on December 21, 1999 and ran uninterrupted until its expiration on December 21, 2000.  Thus, the instant § 2254 petition for writ of habeas corpus relief is due to be denied because Hall failed to file this petition within the requisite one-year period of limitation.

## I. DISCUSSION

### A. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed by state inmates pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id*. However, the ninety-day period in which to seek *certiorari* from the United States Supreme Court does not count towards the one-year period of limitation only when a petitioner preserves his right to apply for such relief.

On March 23, 1999, the Circuit Court of Houston County, Alabama convicted Hall of first degree robbery and sentenced him as a habitual offender to life without parole. Hall filed a direct appeal and the Alabama Court of Criminal Appeals affirmed his robbery conviction on September 17, 1999. *See Hall v. State*, 816 So.2d 80 (Ala.Cr.App. 1999). Hall filed an application for rehearing which the appellate court denied on December 3, 1999. *See Respondents' Exhibit B* at 1. The petitioner did not further appeal this conviction and the Alabama Court of Criminal Appeals therefore entered the certificate of judgment on December 21, 1999.[3] *Respondents' Exhibit C*. Since Hall failed to seek relief from the Alabama Supreme Court, he relinquished the right to file a petition for certiorari with the United States Supreme Court. The time for seeking review of his convictions therefore

---

[3]Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from the denial of the motion for rehearing. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Hall's robbery conviction became final, at the latest, on December 21, 1999 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Hall filed a Rule 32 petition challenging his robbery conviction, this petition was not pending during the running of the limitation period as Hall filed it filed after expiration of this time period.[4] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period

---

[4] The petitioner filed his Rule 32 petition in the state court on December 27, 2001 - over a year after the one-year period of limitation contained in § 2244(d) had expired.

cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is therefore clear that the state post-conviction petition filed by Hall on December 27, 2001 had no effect on the running of the limitation period applicable to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259.  Consequently, Hall is not entitled to a statutory tolling of the limitation period under the provisions of 28 U.S.C. § 2244(d)(2).

## B.  28 U.S.C. § 2244(d)(1)(D) and Equitable Tolling

Title 28 U.S.C. § 2244(d)(1)(D) directs that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" if such date is the latest of the dates set forth in the statute.  Moreover, the law is well settled that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v.*

*Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-14 (11th Cir.2001). Thus, for a court to allow utilization of the start date contained in 28 U.S.C. § 2244(d)(1)(D) or permit equitable tolling, a petitioner must establish that he acted with due diligence.

Hall argues that he is entitled to equitable tolling of the limitation period until the time that he received a copy of his trial transcript. In support of this argument, the petitioner maintains that he requested copies of the transcript from his appellate attorney, Charles Amos, from June 23, 1999 until February 23, 2000, to no avail. *Petitioner's November 19, 2003 Response - Court Doc. No. 15* at 7-8. Hall further asserts that he submitted a motion for trial transcript to the Circuit Court of Houston County but concedes

that he did not file this motion until December 12, 2001.[5]  *Id.* at 8.  Hall maintains that

without access to his transcript he could not ascertain the factual predicate of his claims.

*Petitioner's February 6, 2004 Response - Court Doc. No. 21* at 2.  In response to these

arguments, the respondents contend that "[n]othing kept Hall from contacting the court

clerk directly to learn the status of his case and to obtain a copy of his transcript prior to

letting the limitation period run in state and federal courts.  The failure to obtain a copy of

his transcript was not beyond Hall's control and he has failed to show diligence in his

effort to obtain a copy after he alleges he could not contact his counsel. . . .  Hall's

allegation[] that, because he could not contact counsel, he exercised reasonable diligence

in trying to obtain a copy of the trial record does not invoke equitable tolling.  Hall could

have timely filed his . . . federal pleadings without the record and amended [the petition]

when he obtained the record."  *Respondents' December 12, 2003 Supplemental Answer -*

*Court Doc. No. 17* at 2-3.

Under the circumstances of this case, the court cannot agree with the petitioner's

utilization of § 2244(d)(1)(D) as the basis for calculation of the limitation period nor his

assertion of entitlement to equitable tolling because Hall has failed to show that the delay

in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his

---

[5]The court notes that without tolling of the limitation period this request occurred *after* expiration of the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).

control and unavoidable with the exercise of due diligence.

A petitioner is not required to file a state court record or trial transcript when filing a federal habeas petition. *Pliler v. Ford*, 542 U.S. 225, ___, 124 S.Ct. 2441, 2446 (2004). "[T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992 (prisoner not entitled to transcript before filing § 2254 petition)." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). The record in this case establishes that Hall was present at all critical stages of his prosecution. He therefore had either actual or constructive knowledge of the factual basis for each claim challenging the constitutionality of his conviction and could have presented such claims to this court in a timely filed § 2254 petition without a copy of his trial transcript. "[U]nder these circumstances, a petitioner does not need a transcript to proceed with filing a habeas corpus petition. *See Montgomery v. Meloy*, 90 F.3d 1200, 1203-04 (7th Cir. 1996); *see also McCleskey v. Zant*, 499 U.S. 467, 500, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (unavailability of document, the contents of which petitioner had at least

constructive knowledge, did not prevent him from raising claim in his habeas petition); *Donovan*, 276 F.3d at 93 (petitioner who attended every evidentiary hearing did not need transcript to file habeas petition)." *Lloyd*, 296 F.3d at 633-634.

It is likewise clear from the record that nothing prevented Hall from filing a timely habeas petition and then clarifying the petition once he had received the transcript. *See Robinson v. Johnson,* 313 F.3d 128, 143 (3rd Cir. 2002) (In denying petitioner equitable tolling based on the deprivation of legal materials, the Court noted that petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials."). Thus, even though Hall was not in possession of his trial transcript for the period of time he alleges, he has failed to set forth any "extraordinary circumstances" which prevented the filing of a timely habeas petition. *Drew*, 297 F.3d at 1290; *Lloyd,* 296 F.3d at 634 ("equitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"), *cert. denied,* 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003); *Donovan*, 276 F.3d at 93 (delay in obtaining transcript not a basis for equitable tolling of one-year limitation period); *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (delay in receipt of transcript

does not warrant equitable tolling); *Brown v. Cain*, 112 F.Supp.2d 585, 587 (E.D.La. 2000) (transcript unnecessary to prepare habeas petition); *Fadayiro v. United States,* 30 F.Supp.2d 772, 779-780 (D.N.J. 1998) (delay in receiving transcripts not sufficiently extraordinary to justify application of equitable tolling); *United States v. Van Poyck,* 980 F.Supp. 1108, 1110-1111 (C.D.Cal. 1997) (delay in receipt of transcript not an "extraordinary circumstance[ ]" sufficient to justify equitable tolling); *see also Brown v. Shannon*, 322 F.3d 768, 774 (3rd Cir. 2003) (withdrawal of petitioner's counsel due to lack of transcript did not allow for equitable tolling); *Robinson*, 313 F.3d at 142-143 (3rd Cir. 2002) (petitioner's claim of deprivation of legal materials did not warrant equitable tolling).  In light of the foregoing, the court concludes that Hall's lack of access to his trial transcript does not establish an extraordinary circumstance sufficient to justify equitable tolling.

Moreover, Hall has failed to show that he exercised due diligence in attempting to obtain his transcript from the trial court.  Indeed, Hall offers no explanation as to why he waited until December of 2001 to seek access to his transcript from the trial court.  Specifically, the evidentiary materials submitted by Hall demonstrate that he last requested a copy of the transcript from appellate counsel on February 23, 2000.  Hall admits that he received no response from counsel to any of his eight letters seeking a copy of the trial transcript.  Despite this knowledge, Hall did not seek relief from the trial court until December 12, 2001 – over a year and nine months after he last contacted counsel.  The

petitioner fails to allege any steps he took prior to December of 2001 to obtain a copy of the transcript from the trial court or have the court intervene on his behalf with appellate counsel to effectuate counsel's production of the transcript. It is clear from the record before this court that Hall has failed to demonstrate that he acted with due diligence to obtain the transcript from the trial court or that the transcript was necessary for the preparation of his federal habeas petition. Consequently, Hall is entitled to neither utilization of the start date contained in 28 U.S.C. § 2244(d)(1)(D) nor equitable tolling of the limitations period.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Kevin B. Hall on May 15, 2003 be denied as Hall failed to file this petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before September 13, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 30th day of August, 2005.


/s/ Susan Russ Walker                     
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE